## STATE ex STOCKDALE, Relator, v. INDUSTRIAL COMMISSION, Defendant.

Ohio Appeals, Second District, Franklin County.

No. 3443. Decided February 2, 1943.

Cowan & Adams, Columbus, for relator.

Thomas J. Herbert, Attorney General, Columbus, and E. P. Felker, Asst. Atty. Gen'l., Columbus, for respondents.

## OPINION

By GEIGER, P. J.

This is an action seeking a writ of mandamus, filed in this court on October 25, 1941, against the Industrial Commission of Ohio.

It is alleged that in October, 1930, relator was employed in Zanesville by one who had paid premiums to the insurance fund, and that while in the course of and arising out of his employment, he was cranking a gasoline motor which backfired, causing him to sustain a strain and sprain of the muscles of his arm and causing him to strike his head against the support of the motor; that his arm and shoulder injury renders him partially disabled and his head injury alone is such as to render him totally disabled. It is asserted that the relator duly filed a claim with the Commission and was paid on a temporary total basis to October 9, 1936, in the sum of $965.16, and on a temporary partial basis to May 30, 1940, in the sum of $3750.00, the maximum allowed by law for temporary partial disability.

Relator says that on his original application no mention was made of his head injury for reasons given.

The cause came on for hearing before the Commission again on April 3, 1939, at which time an order was made finding that the condition of the relator was not connected with the original injury; that the application for reconsideration filed December 5, 1938, be dismissed for the reason that the proof on file shows that the claimant is being adequately compensated for all disability.

Relator says that on April 17, 1939, he filed with the Commission an application for rehearing which was denied and compensation continued at the low rate for the condition of his arm.

Relator avers that the Commission did, on the 15th day of October, 1939, order an oral hearing in the nature of an investigation and question of the head injury and its relationship to the

original, "that at the time of the hearing before the Industrial Commission on the report of the referee on the oral hearing, relator asked that his application for rehearing filed April 17, 1939, be granted and that he be given a rehearing".

The prayer is for a writ of mandamus ordering the respondent to grant him a rehearing as provided by §1465-90 GC.·

The application of April 17, 1939, was for "reconsideration" and not for "rehearing".

The Commission filed an answer admitting certain formal matters alleged in the relator's petition, and reciting in detail the progress of the case before the Commission.

The respondent prays that the writ allowed be dissolved, and that the relator's petition be dismissed.

The applicant's original petition was based upon an alleged injury to his arm, resulting from backfire of the motor. For this he was compensated for partial disability. He afterwards made an application for compensation on account of his head injuries, alleged to have resulted from the same accident.

·See Kaiser, Appellant, v. Industrial Commission, 136 Oh. St., 440, holding that the original application may be amended as a matter of course, and the amendment may be accompanied by an application to modify the award on the development of a subsequent disability arising from the original accident and out of an injury sustained therein.

There are so many allegations as to the various applications for compensation made by the claimant and the action thereon by the Commission, that we have difficulty in determining exactly what was done.

The claimant's right to have a rehearing depends on whether he made an application for rehearing within thirty days after the receipt of the notice of the finding of the Commission. A writ of mandamus will not lie to require the Commission to entertain an application for rehearing not filed within thirty days after the claimant's receipt of notice of denial of his claim. State ex Allen v. Commission, 127 Oh. St., 541.

State ex Smith v. Industrial Commission, 140 Oh. St., 117, holds that an application to the Commission for rehearing for compensation which it has denied is jurisdictional and necessary to preserve the right of the claimant in the further prosecution of his claim.

We refer to the statute, §1465-90 GC, and to the various cases that seem to be of consequence in this particular matter. If the claimant has made an application to be allowed certain compensation on account of the injuries alleged to have been received, and if the Commission has denied such claim, or has not allowed the amount that the claimant deems fair to him, the burden is placed upon the complainant to file a motion within thirty days after receiving notice of the adverse finding of the Commission for a

rehearing. If the complainant failed to do this his rights have been lost under the authorities cited.

Claimant's mandamus proceeding is to require the Commission to pass specifically upon his motion of April 17, 1939. The motion in part is as follows:

"Now comes the claimant, Ray Stockdale, and moves the Commission to set aside the order of April 3, 1939, and grant a three-member hearing for the following reasons:

1. The order of April 3, 1939, is not sustained by sufficient evidence.

2. The decision of the Commission is contrary to law.

3. That the Commission erred in ruling that the claimant is being adequately compensated", etc.

On June 16, 1939, the Commission made an order, much of which is not of present importance. The final portion of the order is:

"It is therefore the finding of the Commission that all disabilities resulting from any head injury or brain damage is unrelated to the injury in question and the Commission is without jurisdiction to consider such disabilities or injury, inasmuch as no application or claim was ever made for the injuries or disabilities until more than two years after the injury covered by this claim.

"Claimant's motion for reconsideration filed April 17, 1939, is, therefore, overruled and the award of October 28, 1938, is affirmed."

The motion of April 17 is not the motion for rehearing as provided by the statute, but is a motion for reconsideration of the evidence theretofore introduced and a reconsideration of the order of the court based upon such evidence. It is not such an application for rehearing as is provided by §1465-90 GC.

As we have read the record, we are unable to find any undisposed of application for rehearing or any matter concerning which we can require the Commission to proceed in the discharge of statutory duties. We shall, therefore, deny the application for mandamus. Writ denied.

BARNES and HORNBECK, JJ., concur.